IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XPERTUNIVERSE, INC. ) | Miscellaneous Business Docket No. |
| ) | |
| Plaintiff, ) | _____ |
| ) | |
| v. ) | |
| ) | Underlying litigation pending in the |
| CISCO SYSTEMS, INC. ) | District of Delaware, Case No. 09-157 |
| ) | (RGA) |
| Defendant. ) | |
| ) | |

**CISCO SYSTEMS, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO COMPEL NON-PARTY,
GERALD W. HAYDEN, TO PRODUCE SUBPOENAED DOCUMENTS**

Cisco Systems, Inc. ("Cisco") files this Motion to Compel Non-Party, Gerald W. Hayden, To Produce Subpoenaed Documents ("Motion"). Pursuant to Fed. R. Civ. P. 45(b)(2), the Subpoena to Testify at a Deposition in a Civil Action and Produce Documents ("Subpoena") was issued from the District of Massachusetts to Gerald W. Hayden ("Mr. Hayden") at 50 Evans Crossing, South Windsor, Connecticut 06074 on April 12, 2012. Production was requested within the District of Massachusetts at Morgan, Lewis & Bockius, LLP, located at 225 Franklin St., 16th Floor, Boston, Massachusetts 02110-04104. Thus, this Court has jurisdiction and authority to compel Mr. Hayden to comply with Cisco's Subpoena. *See* Fed. R. Civ. P. 37(a)(2) and Local Rule 40.4(a)(2).

I. **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 34(c), 37, and 45, and Local Rule 40.4(a)(2), Cisco respectfully moves this Court to compel Mr. Hayden to produce documents responsive to Cisco's Subpoena. *See* Declaration of Esther K. Ro in support of Cisco's Motion

to Compel ("Ro Decl."), Exh. A (Cisco's Subpoena to Testify at a Deposition in a Civil Action and Produce Documents). Cisco's Subpoena contains only one document request, which is narrowly tailored and not unduly burdensome on Mr. Hayden:

> All DOCUMENTS referring to XPERTUNIVERSE, including but not limited to DOCUMENTS reflecting COMMUNICATIONS between XPERTUNIVERSE, XPERTUNIVERSE'S legal counsel (including but not limited to any attorney from Stroock & Stroock & Lavan LLP), and/or any of XPERTUNIVERSE'S current or former employees, on the one hand, and YOU, on the other.

The documents sought by Cisco are relevant to the underlying litigation, and Mr. Hayden did not serve any objections to the Subpoena, waiving any objections he may have had. *See* Rule 45(c)(2)(B) (objections must be served within fourteen days after the subpoena is served). The documents requested are not in the possession of the parties in the underlying litigation. Cisco has a good faith basis to believe that Mr. Hayden possesses documents responsive to the Subpoena that he has not produced. All efforts by Cisco to meet and confer with Mr. Hayden have been unsuccessful.

Accordingly, Cisco respectfully requests this Court order Mr. Hayden to immediately produce all documents responsive to its Subpoena.

## II.  STATEMENT OF FACTS

Cisco is the defendant in the underlying litigation, *XpertUniverse, Inc. v. Cisco Systems, Inc.*, case number 09-157 (RGA), pending in the District of Delaware. XpertUniverse, a defunct New York-based start up, sued Cisco alleging numerous claims, *inter alia*, patent infringement, fraud, misappropriation of trade secrets, and breach of contract. The fact discovery cut-off in the underlying litigation is July 31, 2012.

Mr. Hayden is a former employee of Cisco who interacted with XpertUniverse during the time period relevant to the lawsuit. Since leaving Cisco, Mr. Hayden has remained in contact

with XpertUniverse employees, including its CEO, Mr. Victor Friedman, and last spoke with him a "couple of weeks" before his deposition. *See* Ro Decl., ¶ 3. Further, Mr. Friedman testified that Mr. Hayden had called him after his deposition to let Mr. Friedman know that it had "went well." *See id.*, ¶ 4. Cisco believes that Mr. Hayden and Mr. Friedman have had additional communications related to this litigation and that Mr. Hayden has documents reflecting the substance of those communications, including notes of the conversations.

Cisco served its Subpoena on April 12, 2012. Mr. Hayden was deposed on May 18, 2012. Although Mr. Hayden was represented by counsel, Mr. James Sullivan, at the time of his deposition, he chose not to have his attorney present at his deposition. *See id.*, ¶ 5. Mr. Hayden initially did not produce any documents pursuant to the Subpoena, nor did he serve any objections to the Subpoena. *See id.*, ¶ 6. Mr. Sullivan produced one email correspondence after Mr. Hayden's deposition. *See id.*, Exh. B (e-mail correspondence between Mr. Hayden and Mr. Moore). Cisco requested an explanation for why the email correspondence was produced after Mr. Hayden's deposition, but Mr. Sullivan who never provided an answer. *See id.*, Exh. C (June 1, 2012 letter from Esther Ro to Mr. Sullivan) and ¶ 9.

Following Mr. Hayden's deposition, it came to Cisco's attention that Mr. Hayden is in possession of additional emails regarding XpertUniverse and the underlying litigation sent to and from his personal email account that he did not produce. As noted above, Cisco also believes that Mr. Hayden possesses other documents responsive to the subpoena.

Counsel for Cisco reached out to Mr. Sullivan on June 1, 2012. *See id.*, Exh. C. Cisco requested that Mr. Hayden produce all documents responsive to the Subpoena and asked for an explanation with regards to the one belatedly produced email correspondence. *See id.* Mr. Sullivan did not respond. *See id.*, ¶ 9. On June 11, 2012, counsel for Cisco emailed Mr. Sullivan

to confirm that he was still representing Mr. Hayden and to arrange a telephonic discovery conference. *See id.*, Exh. D (June 11-19, 2012 e-mail correspondence between Ms. Ro and Mr. Sullivan). On June 18, 2012, Mr. Sullivan responded that he was no longer representing Mr. Hayden. *See id.* Ms. Ro requested Mr. Hayden's contact information from Mr. Sullivan, and followed up with a phone call. *See id.* During the phone call, Mr. Sullivan represented that he had forwarded Cisco's counsel's June 1, 2012 letter and June 11, 2012 e-mail correspondence to Mr. Hayden. *See id.*, ¶ 11; Exh. E (June 20, 2012 confirming email sent by Ms. Ro to Mr. Sullivan). Mr. Hayden failed to respond to Cisco's request for a discovery conference. *See* Ro Decl., ¶ 13.

## III. <u>ARGUMENT</u>

Federal Rule of Civil Procedure 26(b) permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party" and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See In re Public Offering PLE Antitrust Litig.*, 233 F.R.D. 70, 78 (D. Mass. 2006). "[R]elevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to subject matter of the action." *E.E.O.C. v. Elextro-Term Inc.*, 167 F.R.D. 344, 346 (D. Mass. 1996) (citations omitted).

Federal Rule of Civil Procedure 45 governs discovery related to non-parties, and specifically that a subpoena should not impose "undue burden or expense on a person subject to the subpoena." Any "[i]nconvenience to third parties may be outweighed by the public interest in seeking the truth in every litigated case." *Covey Oil Co. v. Cont. 'l Oil co.*, 340 F. 2d 993, 999 (10th Cir. 1965), *cert. denied*, 380 U.S. 964 (1965).

Here, Cisco's Subpoena is relevant to the underlying litigation and does not place an undue burden or expense on Mr. Hayden. Cisco made one document request in its Subpoena:

> 1. All DOCUMENTS referring to XPERTUNIVERSE, including but not limited to DOCUMENTS reflecting COMMUNICATIONS between XPERTUNIVERSE, XPERTUNIVERSE'S legal counsel (including but not limited to any attorney from Stroock & Stroock & Lavan LLP), and/or any of XPERTUNIVERSE'S current or former employees, on the one hand, and YOU, on the other.

The request is clearly relevant to understanding the current relationship between Mr. Hayden and XpertUniverse and Mr. Hayden's communications with others regarding XpertUniverse. XpertUniverse identified Mr. Hayden on its Initial Disclosure as a person in possession of potentially relevant evidence. Moreover, Mr. Hayden continues to have contact with Mr. Friedman, and others including current and former Cisco employees, regarding XpertUniverse and the underlying litigation. Cisco has requested and is entitled to these documents in response to its Subpoena to Mr. Hayden.

Mr. Hayden has improperly refused to produce relevant documents pursuant to Cisco's narrowly tailored Subpoena. Mr. Hayden did not serve any objections to the Subpoena. Cisco's one request imposes neither an undue burden nor expense.

## IV. CONCLUSION

Cisco respectfully requests this Court order Mr. Hayden to produce all documents responsive to its Subpoena and provide an explanation regarding his belated production of the one email correspondence he has produced.

    Respectfully submitted,

    CISCO SYSTEMS, INC.
    By Its Attorneys,

    */s/ Jeffrey W. Moss*
    Jeffrey W. Moss, BBO# 552421
    Morgan, Lewis & Bockius LLP
    225 Franklin Street, 16th Floor
    Boston, Massachusetts  02110
    Tel:   617.341.7700
    Fax:   617.341.7701
    Email: jmoss@morganlewis.com

Dated: July 10, 2012

## CERTIFICATE OF SERVICE

      I hereby certify that on July 10, 2012, I caused a true and correct copy of the above document to be served by first-class mail, postage prepaid, addressed to:

      Gerald W. Hayden
      50 Evans Crossing
      South Windsor, Connecticut 06074

                                                           */s/ Jeffrey W. Moss*